UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEVAUNO COLLINS,**

    Petitioner,

v.                                            **Case No.: 5:20-cv-25-Oc-27PRL**
                                               **Criminal Case No.: 5:18-cr-3-Oc-27PRL**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Collins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Motion and Memorandum of Law in Support (cv Dkt. 2), the United States' Response in Opposition (cv Dkt. 9), and Collins' Reply (cv Dkt. 10). Upon review, the § 2255 motion is **DENIED**.

**BACKGROUND**

In 2018, Collins was indicted and charged with assaulting and robbing a mail carrier while putting her life in jeopardy by use of a dangerous weapon, in violation of 18 U.S.C. § 2114(a) (Count One), and brandishing a firearm during a crime of violence, specifically the offense charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). (cr Dkt. 1 at 1-2). Collins' counsel moved to dismiss Count Two, contending that the offense charged in Count One did not constitute a crime of violence under § 924(c)(3)(A)'s "elements clause," and that § 924(c)(3)(B)'s "residual clause" is unconstitutionally vague. (cr Dkts. 35, 41). The motion was denied since the Eleventh Circuit had held that a violation of 18 U.S.C. § 2114(a) in which the defendant put the

1

life of another in jeopardy by use of a dangerous weapon constitutes a crime of violence under the elements clause. (cr Dkt. 48).

Collins pleaded guilty to Counts One and Two without a plea agreement. (cv Dkt. 9-1).[1] He faced a maximum term of 25 years imprisonment on Count One and a consecutive minimum term of 7 years and up to life on Count Two. (cr Dkt. 63 ¶¶ 80-81). With a total offense level 21 and criminal history III, his guidelines range was 46 to 57 months. (cv Dkt. 9-2 at 19).[2] After consideration of the 18 U.S.C. § 3553(a) factors, Collins was sentenced to 48 months imprisonment on Count One and a consecutive term of 84 months on Count Two, followed by five years supervised release. (Id. at 36). Counsel also noted her prior objection to the § 924(c) conviction to "preserve the record." (Id. at 38). Collins did not file an appeal. (cv Dkt. 1 at 2).

In this § 2255 motion, Collins raises three grounds for relief, contending that (1) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), Count One did not constitute a crime of violence to support his § 924(c) conviction; (2) he is "actually innocent" of the § 924(c) conviction because the statute is unconstitutionally overbroad; and (3) counsel was ineffective in failing to object to his conviction on these grounds. (cv Dkts. 1, 2). The United States correctly contends that Grounds One and Two are procedurally defaulted and that all of his claims are without merit. (cv Dkt. 9).[3]

---

[1] During his change of plea hearing, Collins confirmed that he discussed his case with counsel and was satisfied with her representation. (cv Dkt. 9-1 at 8, 18). He also understood and admitted to committing the elements of the crimes. (Id. at 9-10, 15-16). And he was advised of the minimum and maximum penalties. (Id. at 10-12). His guilty plea was accepted as knowingly and intelligently entered, and he was adjudicated guilty. (Id. at 19-20); (cr Dkt. 57).

[2] The parties objected to the presentence investigation report's application of a two-level enhancement for use of physical restraints. (cr Dkt. 63 at pp. 19-22). That objection was sustained at sentencing. (cv Dkt. 9-2 at 8). Collins' objection to an obstruction of justice enhancement was overruled. (Id. at 19).

[3] Collins' claim in Ground Three is not procedurally defaulted since ineffective assistance of counsel claims are not defaulted by a failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500 (2003).

## DISCUSSION

In summary, Collins is not entitled to relief because the claims relating to his § 924(c) conviction are procedurally defaulted and without merit. The Eleventh Circuit has held that an 18 U.S.C. § 2114(a) offense, committed by putting the life of another person in jeopardy by use of a dangerous weapon, constitutes a crime of violence to support a § 924(c) conviction. Further, § 924(c) is not unconstitutionally overbroad. Last, counsel was not ineffective in failing to object to Collins' conviction on this basis.

### *Ground One*

In Ground One, Collins contends that his

> non-existent 18 U.S.C. § 924(c) offense must be vacated where 18 U.S.C. § 2114(a) does not constitute a crime of violence under the elements clause of § 924(c)(3)(A), and under [*Davis*], armed postal robbery convictions under § 2114(a) can no longer be considered a crime of violence under § 924(c)(3)(B)'s residual clause. Equally important, the commission of § 2114(a) through the alternative means of "force or intimidation" lacks a Mens Rea and thus results in an offense that is not a crime of violence.

(cv Dkt. 2 at 3). He further argues that *Davis* "abrogates the Eleventh Circuit's reliance on cases that did not apply the categorical approach," specifically *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006) and *In re Watt*, 829 F.3d 1287 (11th Cir. 2016), in which the court held that a violation of § 2114(a) constitutes a crime of violence under § 924(c)'s elements clause. (cv Dkt. 2 at 3). He also reasons that because § 2114(a) can be violated by assault or robbery, the statute is in

---

This court is mindful of its responsibility to address and resolve all claims raised in Collins' motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir.1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply. *See* (cv Dkt. 10). Further, an evidentiary hearing is unnecessary to resolve Collins' claims, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

part indivisible, and that because the statute provides for "different punishments," the statute is in part divisible. (Id. at 4-5). He further argues that the "alternative means 'robbery'" lacks the requisite *mens rea* and does not satisfy the elements clause. (Id. at 7-10). However, his claim is procedurally defaulted and, in any event, without merit.

***Procedural Default***

As the Eleventh Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Because Collins could have challenged the use of his 18 U.S.C. § 2114(a) offense to support his § 924(c) conviction on direct appeal, the claim is defaulted. In his reply, Collins contends that because he is actually innocent of the § 924(c) crime, the default is excused. (cv Dkt. 10 at 1 (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). However, he admitted to committing the elements of the crimes, and a qualifying crime of violence supports the § 924(c) conviction. (cv Dkt. 9-1 at 15-16).[4] Accordingly, the procedural default is not excused.

---

[4] In his § 2255 motion, Collins asserts that he did not raise the § 924(c) issue on direct appeal because he "relied on attorney representation." (cv Dkt. 1 at 4-7). He does not explain the nature of counsel's representation or why he decided not to file an appeal. To the extent he argues that counsel's ineffective assistance constitutes "cause" to excuse his procedural default, *see Murray v. Carrier*, 477 U.S. 478 (1986), he has not shown that counsel's performance was deficient. Indeed, he does not refute the averments in her affidavit:

> After the sentencing hearing, I spoke to Mr. Collins regarding his right to appeal his sentence, including the issues raised in the motion to dismiss. I informed Mr. Collins that

4

*The Merits*

Collins essentially contends that *Davis* abrogated the Eleventh Circuit's holding in *In re Watt* that a § 2114(a) offense committed by use of a dangerous weapon to put another's life in jeopardy constitutes a crime of violence under § 924(c)'s elements clause. However, this contention is without merit.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). An offense qualifies as a "crime of violence" if it is a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Accordingly, for Collins' conviction to be valid, the offense which predicated the § 924(c) conviction must satisfy the elements clause. To determine whether an offense constitutes a "crime of violence" under the elements clause, courts apply a categorical approach and "look to whether the statutory elements of the predicate offense

---

I did not believe he had meritorious issues to raise relating to the residual clause, as his was a use of force case clause case. *Certiorari* in the Davis case had been granted several days prior to Mr. Collins' sentencing hearing. However, I did not discuss the *Davis* case with Mr. Collins, as that case pertained only to the vagueness of the residual clause, which I did not believe applied under the circumstances of Mr. Collins' case. I wrote a letter to Mr. Collins on January 23, 2019 in which I also expressed this opinion and invited him to contact me with any further questions he had. Mr. Collins never requested that I file an appeal of the denial of his motion to dismiss the 924(c).

(cv Dkt. 9-3 at 3). Accordingly, Collins has not established that he requested counsel to pursue an appeal or that he otherwise failed to raise the issue on direct appeal because of counsel's ineffective assistance. Nor has he established prejudice, since the § 924(c) conviction was supported by a valid predicate offense.

necessarily require, at a minimum, the threatened or attempted use of force." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (citations omitted). "[T]he particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime." *Id.*

Here, the Indictment charged that Collins "did assault C.R. . . . with intent to rob, steal, and purloin said mail matter, money, and other property of the United States, and did rob C.R., that is, by intentionally and unlawfully taking mail matter, money, and other property of the United States from the person and the presence of C.R., against C.R.'s will, by means of force and violence, and by intimidation, and while committing such assault and robbery, did put the life of C.R. in jeopardy by the use of a dangerous weapon, namely a firearm," in violation of 18 U.S.C. § 2114(a)[5] (Count One), and brandished a firearm during a crime of violence, specifically the offense charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). (cr Dkt. 1). He pleaded guilty to, and was adjudicated guilty of, Counts One and Two. (cv Dkt. 9-1 at 9-10, 14-16); (cr Dkt. 57). And as noted in the order denying his motion to dismiss Count Two of the indictment:

> *In re Watt* holds that assaulting a postal employee "indisputedly describes a crime of violence." 829 F.3d at 1289, quoting *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006) (violation of 18 U.S.C. § 2114(a) indisputedly describes a crime of violence). The defendant in *In re Watt* was charged with the identical crime charged in Count One in this case, "assault [on a Post master] . . . with intent to rob [her] . . . and did rob and attempt

---

[5] Title 18 U.S.C. § 2114(a) provides:

A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

6

>to rob said person . . . and, in so doing, . . . put the life of said person in jeopardy by the use of a . . . firearm" in violation of 18 U.S.C. § 2114(a)(2).

(cr Dkt. 48 at 1 & n.1). Indeed, binding Eleventh Circuit precedent instructs that Collins' § 2114(a) offense, identical to the offense in *In re Watt*, constitutes a crime of violence under the elements clause and therefore supports his § 924(c) conviction.[6]

Moreover, Collins provides no support for his proposition that *Davis* abrogates *In re Watt*'s holding that a § 2114(a) offense constitutes a crime of violence. Indeed, in *Davis*, the Supreme Court determined that 924(c)'s residual clause was unconstitutionally vague without addressing the elements clause. 139 S. Ct. at 2336; *see also In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019) (noting that a defendant cannot show a reasonable likelihood of benefitting from *Davis* where the predicate offense qualifies as a crime of violence under the elements clause); *Williams v. United States*, 794 F. App'x 612, 614 (9th Cir. 2019) ("Because [the defendant's] conviction under § 2114(a) constitutes a crime of violence under the elements clause of § 924(c)(3), both *Johnson* and [*Davis*] are inapplicable to [his] conviction and do not provide a remedy."). And

---

[6] As the Eleventh Circuit explained,

> [The defendant's] firearm conviction was based explicitly on his companion conviction for assaulting a postal employee, which we have stated "indisputedly describes a crime of violence." [His] first superseding indictment alleged that he and an unindicted codefendant, "aiding and abetting one another, did assault [a] Postmaster . . . with intent to rob her . . . and did rob and attempt to rob said person . . . and, in so doing, . . . put the life of said person in jeopardy by the use of a . . . firearm." . . .
>
> Based on the allegations in [his] indictment, the jury had to have found that he "assault[ed]" the victim and that her "life was put in jeopardy," which satisfies the requirement of the elements clause that the underlying felony offense have "as an element, the use, attempted use, or threatened use of physical force against the person or property of another."

*In re Watt*, 829 F.3d at 1289-90 (citations omitted). In denying Collins' motion to dismiss, this court rejected his contention that the Eleventh Circuit "did not engage in the requisite categorical analysis of whether the least culpable conduct under § 2114(a) is a 'crime of violence' under § 924(c)'s force clause." (cr Dkt. 48 at 2).

following *Davis*, other circuits have held that a violation of § 2114(a) with the use of a dangerous weapon to put another's life in jeopardy constitutes a crime of violence under the elements clause. *See, e.g.*, *United States v. Bryant*, 949 F.3d 168, 180 (4th Cir. 2020); *Knight v. United States*, 936 F.3d 495, 500 (6th Cir. 2019).[7]

In summary, because Collins' § 2114(a) offense constitutes a crime of violence under the elements clause, and he has not shown that his § 924(c) conviction turns on the validity of the residual clause, *see* (cv Dkt. 48 at 2 & n.4), he is not entitled to relief on Ground One.

***Ground Two***

In Ground Two, Collins contends that he is "actually innocent of 18 U.S.C. § 924(c) offense standing alone, where § 924(c)'s crime-of-violence element to 'property of another' is overbroad." (cv Dkt. 2 at 11). He explains that the Supreme Court

> has held that the term "physical force" requires more than offensive touching. Describing "physical force" in terms of pain or injury to *a person*. . . . [T]he definition of "physical force" and its defining terms unequivocally limit the force clause of the use-of-force on a person as opposse [sic] to "property." Despite the limiting nature of the term "physical force," § 924(c)(3)(A)'s force clause reaches beyond the definition set out in *Johnson*.

---

[7] Last, Collins provides no persuasive authority in support of his contentions that the force required for the purported "alternative means" of robbery and the lack of *mens rea* in § 2114(a) "does not satisfy the force clause." (cv Dkt. 2 at 7-10). Courts have determined that, because § 2114(a) is divisible into at least a "basic" and "aggravated" offense, a modified categorical approach is appropriate to determine the basis of a defendant's conviction. *See Bryant*, 949 F.3d at 174; *Knight*, 936 F.3d at 498-99; *Williams*, 794 F. App'x at 614. However, even assuming that "robbery" is an alternative means to violate § 2114(a), courts have rejected Collins' contention that robbery does not constitute a crime of violence under the elements clause. *See Dickerson v. United States*, No. 3:10-cr-105-J-34MCR, 2020 WL 5423205, at *6 (M.D. Fla. Sept. 10, 2020) ("[R]obbery under § 2114(a) still has as an element the taking of property 'by means of force and violence' or 'by means of intimidation,' . . . which necessarily encompasses the use, attempted use, or threatened use of physical force, *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016)."). And Collins further pleaded guilty to committing the crime by using a dangerous weapon to put the life of another in jeopardy. *See United States v. Enoch*, 865 F.3d 575, 580 (7th Cir. 2017) (noting that it is unnecessary to determine whether "assault" or "robbery" constitutes a crime of violence where defendant also put the life of another in jeopardy).

(Id. at 12). These contentions are without merit.[8]

First, to the extent Collins seeks to raise a freestanding actual innocence claim, and assuming that such a claim is available, *see Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir. 2012), the claim is due to be denied. As noted, he admitted to committing the elements of the charged offenses, and his § 924(c) conviction was supported by a crime of violence. Second, he cites no authority supporting his contention that § 924(c)'s elements clause is overbroad because it includes use of force against property. *See United States v. Eason*, 953 F.3d 1184, 1191 (11th Cir. 2020) (noting that § 924(c)'s elements clause "reaches the use, attempted use, or threatened use of force against property" and that "[t]here is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of . . . § 924(c)(3)(A), which includes force against a person *or* property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person" (citations omitted)). The claim is, in any event, without merit, and Collins is not entitled to relief on Ground Two.

***Ground Three***

In Ground Three, Collins contends that counsel was ineffective in "fail[ing] to raise objections based on the grounds raised in Claims I and II." (cv Dkt. 2 at 13). He explains that he

> received ineffective assistance of counsel where counsel failed to argue his 18 U.S.C. § 2114(a) conviction based on the alternative means "Robbery," as not qualifying as a crime-of-violence under the force clause in Claim I. Also counsel was ineffective where counsel failed to argue that the use of force to property is overbroad and does not satisfy the force clause as argued in Claim II.

(Id.). These contentions are without merit.

---

[8] Additionally, because this claim could have been raised on direct appeal, the claim is procedurally defaulted.

9

First, by pleading guilty, Collins waived "all nonjurisdictional challenges to the constitutionality of the conviction," including claims of pre-plea ineffective assistance that do not relate to his decision to plead guilty, "and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). And Collins makes no such contention.[9]

Second, to establish ineffective assistance of counsel, Collins must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[10] Collins has not established that counsel's performance was deficient or that he suffered prejudice resulting from deficient performance. Rather, in Collins' motion to dismiss, counsel argued that the § 2114(a) offense did not constitute a crime of violence under the elements clause because, among other things, the "alternative means" of robbery was insufficient, and the statute lacked the requisite *mens rea*. (cr Dkt. 41 at 2-7). Further, Collins incorrectly asserts that she did not argue that "intimidation" to support a robbery conviction was insufficient under the elements clause. *See* (Id. at 4); (cv Dkt. 10 at 2). She also raised these issues at sentencing to "preserve the record." (cv Dkt. 9-2 at 38).

As to Collins' specific contention that counsel was ineffective in failing to argue that "the

---

[9] Collins does not allege that his guilty plea was not knowingly and voluntarily entered. In any event, such a claim would be belied by the record, specifically his change of plea hearing. (cv Dkt. 9-1). And as the United States correctly contends, he has not shown that he would have proceeded to trial. (cv Dkt. 9 at 16); *see Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009); *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

[10] "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted).

use of force to property is overbroad and does not satisfy the force clause," (cv Dkt. 2 at 13), as noted, the argument is without merit. And counsel is not ineffective in failing to raise an argument that has no legal basis. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008). Further, Collins has not shown that, had counsel raised these or any additional contentions, the motion to dismiss Count Two would have been granted.

In summary, absent deficient performance and prejudice resulting from the claimed deficient performance, Collins is not entitled to relief on Ground Three.

## *Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Collins to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Collins' constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Collins' § 2255 motion is **DENIED** (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Collins, and to **CLOSE** this case.

**DONE AND ORDERED** this 27th day of October, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record